(No. 2763— )

TWIN CITY BARGE AND GRAVEL COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

LEIGH M. KAGY, EARL H. ISENSEE and GEORGE A. FRENCH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This action was commenced by the Twin City Barge and Gravel Company, a corporation, on December 6, 1935. On the 22nd day of September, 1936, James A. Campbell was appointed Receiver by the District Court of Hennepin County, Minnesota, the claimant being a Minnesota corporation.

It is charged that from June, 1932 until July, 1933, the claimant was engaged in hydraulic dredging and excavation work in the channel of the Illinois River in the State of Illinois, near the City of Joliet, in what was generally known as the "Dresden Pool," as a subcontractor, the principal contractor being Arundel Corporation, which held a contract with the United States Government for the improvement in question. In the performance of their work of hydraulic dredging and excavation, they bought 134,429 gallons of gasoline. Of this amount, 1,219 was used by their truck and by the cars of employees from February 1 to July 7, 1933, inclusive, leaving a total of 133,210 gallons of gasoline. They were charged 3c tax per gallon on said 133,210 gallons of gasoline, or $3,996.30. Of this amount, refunds have been collected on this job for gas that was paid for, in the sum of $3,056.96, leaving an unearned Motor Fuel Tax not refunded in the sum of $939.36, and we are asked to make an award in the sum of $939.36, this representing the amount of Motor Fuel Tax that they had been charged for the gasoline which was not used upon the road.

It is claimed that extra costs arose on the dredging and excavation work due to the nature of the work and to working conditions not contemplated by the general contract between the Government and the original contractor, The Arundel Corporation, and the original contractor refused to pay the claimant the sums due under the subcontract, and the claimant was compelled to resort to litigation to collect the money so due to it, and because of this delay and the pendency of the litigation, the claimant was unable to pay the distributor for the gasoline so used by it before the expiration of six months

after the date on which the motor fuel was used by the claimant, as aforesaid. It is further claimed that the claimant was definitely advised by the then officials of the State of Illinois in charge of the collection and refund of motor fuel tax that no claim for refund would or could be entertained prior to the payment by the claimant to the distributor. It is also charged that this claim was presented to the Division of Motor Fuel Tax of the Department of Finance, and on or about the 23rd day of October, 1934, this Department refused the application of the claimant for reimbursement for said motor fuel so used for the reason that the Department was without administrative authority to grant the request under the provisions of the statute.

The Attorney General has made a motion to dismiss this suit, and as we view the law, this motion must be sustained.

Paragraph 91 of Chapter 95a, Illinois Revised Statutes for 1935, makes it very plain and clear that any person who loses motor fuel through any cause or uses motor fuel (upon which he has paid the amount required to be collected under this Act) for any purpose other than operating a motor vehicle upon the public highways of this State, shall be reimbursed and repaid the amount so paid, but the claims for such reimbursement shall be made to the Department of Finance, duly verified by the affidavit of the claimant, or one of the principal officers, if the claimant is a corporation, upon forms prescribed by the Department, and the claim should state such facts relating to the purchase, importation, manufacture or production of the motor fuel by the claimant as the Department may deem necessary, and the time when, and the circumstances of its loss or the specific purpose for which it was used, and claims for reimbursement must be filed not later than six months after the date on which the motor fuel was lost or used by the claimant. The statute directs the manner in which the reimbursement should be made.

Claimant did not present a proper claim within a six months' period fixed by the statute, but attempts to excuse that delay on the grounds that it had not been paid by the principal contractor. The statute does not recognize any such exceptions. It is not contended that the money was paid under protest.

We have held that:

"Where a statute provides a remedy and fixes the time within which the same may be availed of, the Court of Claims has no jurisdiction to extend such time." *Silver-Burdett & Co.* vs. *State*, 8 C. C. R. 539.

We hold that this case is in point.

The claimant, not having justified its delay in seeking the refund, the motion of the Attorney General must be sustained and cause dismissed.